**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50308 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-01077-GW |
| v. | |
| ROSA ALICIA CANAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Rosa Alicia Canas appeals from the district court's judgment and challenges the three-year term of supervised release imposed following her guilty-plea conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm, but remand with instructions to the district court to enter a corrected judgment.

Canas contends that the district court procedurally erred by failing to consider and explain why a term of supervised release was warranted in light of U.S.S.G. § 5D1.1(c) (2011), which directs that a district court ordinarily should not impose a term of supervised release if the defendant is a deportable alien. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered the probation officer's recommendation in favor of a term of supervised release and determined that a supervised release term was warranted. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("[A]dequate explanation in some cases may . . . be inferred from the PSR or the record as a whole.").

Canas also challenges the term of supervised release as substantively unreasonable. The district court did not abuse its discretion in imposing a three-year term of supervised release. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The term is substantively reasonable in light of the section 3553(a) factors and the totality of the circumstances, including the need to deter. *See United States v. Valdavinos-Torres*, 704 F.3d 679, 692-93 (9th Cir. 2012); *see also* U.S.S.G.

§ 5D1.1(c) cmt. n.5 (district court should consider imposing term of supervised release on deportable alien if it determines supervised release would provide an added measure of deterrence and protection).

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the reference to section 1326(b)(2). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to section 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**